UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00131-KDB-DCK

| JUDAMEYRE MCRAE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
|  | ) |  |
| MELANIE CALKINS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under Title VII of the Civil Rights Act of 1964 [Doc. 1] and on Plaintiff's Application to Proceed in Forma Pauperis [Doc. 2].

**I. BACKGROUND**

Plaintiff Judameyre McRae ("Plaintiff") filed this Title VII employment discrimination action on August 26, 2020, naming as Defendants Melanie Calkins, identified as a Human Resources Manager at Niagara Bottling; Terry LNU, identified as a first shift supervisor at Niagara Bottling; and FNU LNU, identified as a first shift forklift supervisor at Niagara Bottling.[1] [Doc. 1]. Plaintiff claims that Defendants discriminated against him under Title VII based on race and color through his termination from employment, unequal terms and conditions of his employment, and retaliation. Plaintiff also purports to assert a claim for defamation. [Id. at 4]. Plaintiff alleges that the discriminatory acts occurred on November 30, 2019. [Id.]. Plaintiff attempts to assert his

---

[1] On docketing Plaintiff's Complaint, the Clerk included Niagara Bottling as a Defendant in these proceedings. Plaintiff, however, did not name Niagara Bottling as a Defendant in his Complaint. The Court will, therefore, instruct the Clerk to remove Niagara Bottling as a Defendant in the docket in this matter.

claims with an email attached to his Complaint that appears to be written by Plaintiff to an Equal Employment Opportunities Commission (EEOC) representative on May 5, 2020 in which he "recaps [his] case." [Doc. 1 at 7-8]. In this email, Plaintiff describes conduct he contends supports findings of discrimination, retaliation, defamation, wrongful termination, "equal pay act," and "punitive damages." [See id.].

Plaintiff alleges having filed a Charge of Discrimination with the EEOC. [Doc. 1 at 5]. The EEOC sent Plaintiff its Right to Sue letter on August 5, 2020, indicating that it was "unable to conclude that the information obtained establishes violations of the statutes." [Id. at 9].

Other than claiming entitlement to punitive damages, Plaintiff does not state what relief he seeks. [See Doc. 1 at 5, 8].

## II.    MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's motion to proceed in forma pauperis. Plaintiff's affidavit shows that he made "$10,000.00 or less" over the past twelve months and that he expects $350.00 in income next month from unemployment benefits. [Doc. 2 at 1-2]. Plaintiff reports having $800.00 in his bank account. [Id. at 2]. Plaintiff reports having a motor vehicle valued at $24,000 and a 17-year-old daughter that relies on him for support. [Id. at 3]. Plaintiff reports that he has total monthly expenses of $3,491.00, which includes $1,000.00 in medical expenses. [Id. at 4-5]. The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis.

## III.   STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity

review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in her complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**IV.     DISCUSSION**

Title VII provides that an employer shall not "discriminate against any individual … because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Here, Plaintiff alleges discriminatory termination, retaliation, and unequal terms and conditions of employment. [Doc. 1 at 4]. Plaintiff also purports to state a claim for defamation. [Id.]. Plaintiff, however, names only individuals as Defendants in this matter. Individuals may not be held liable for unlawful discrimination under Title VII. Birkenbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir. 1994); Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (noting that individual employees, including supervisors, cannot be held liable for Title VII claims). As such, Plaintiff has failed to state a claim against any Defendant in this matter under Title VII.

Next, to allege a defamation claim, the Plaintiff must show: (1) that the defendant made false, defamatory statements; (2) of or concerning the plaintiff; (3) which were published to a third person; and (4) which caused injury to the plaintiff's reputation. Hall v. Charter Communications, LLC, No. 3:17-cv-00497-GCM, 2018 WL 651345, at *2 (W.D.N.C. Jan. 31, 2018) (citing Tyson v. L'eggs Products, Inc., 351 S.E.2d 834, 840 (N.C. Ct. App. 1987)). In support of his claim for

3

defamation, Plaintiff alleges that "[he] was supposed to have said something [he] never [said] and [he] was fired." [Doc. 1 at 8]. He further alleges that no one wants to hire him because he was accused of making threatening comments that he never made. [Id.]. Plaintiff does not allege who made allegedly defamatory statements about him or that the statement(s) were published to a third party. As such, Plaintiff has also failed to state a claim for defamation, even if the Court could exercise supplemental jurisdiction, which it cannot absent valid Title VII claims.

The Court, therefore, finds that Plaintiff's Complaint fails to state a claim on which relief may be granted. The Court will, however, allow Plaintiff thirty (30) days to amend his complaint, if he so chooses.

## V. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint in accordance with the terms of this Order. If Plaintiff fails to so amend the complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

2. Defendants Melanie Calkins, Terry LNU, FNU LNU are dismissed. See 28 U.S.C. §§ 1915(e).

3. Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED**.

4. The Clerk is instructed to remove Niagara Bottling as a Defendant in the docket in this matter.

Signed: September 18, 2020

Kenneth D. Bell
United States District Judge